UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| MARK COTTON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-17-TLS |
| CHRYSLER CORPORATION and UAW LOCAL 685, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On March 1, 2017, Plaintiff Mark Cotton, proceeding pro se, filed his Verified Amended Complaint [ECF No. 5] against Defendants Chrysler Corporation (FCA)[1] and UAW Local 685 (UAW). On January 3, 2018, Defendant UAW filed a Motion to Dismiss [ECF No. 24], asserting lack of jurisdiction and failure to state a claim. Also on January 3, 2018, Defendant FCA filed a Motion to Dismiss [ECF No. 26], asserting failure to state a claim. On January 4, 2018, the Magistrate Judge imposed a briefing schedule [ECF No. 28] for these Motions. The deadline has passed for the Plaintiff to respond to the Defendants' Motions to Dismiss, and this issue is now ripe for review.

**BACKGROUND**

The Plaintiff filed suit against the Defendants, alleging several causes of action. The Court construes his Complaint to assert a violation of 42 U.S.C. § 1983 based on his Fifth and Fourteenth Amendment due process rights, Title VII race discrimination, violation of the Labor

---
[1] The Court notes that Defendant FCA US LLC was incorrectly named as "Chrysler Corporation" in the Verified Amended Complaint.

Management Relations Act (LMRA), and violation of the Family Medical Leave Act (FMLA). The Plaintiff's allegations are as follows:

The Plaintiff alleges that he was "indefinitely suspended"[2] while a part of an "attendance program" between 2010 and 2013. (Compl. 2, ECF No. 5.) After 10 to 11 months of "suspension," the Plaintiff received a call from Jerry Price, the president of UAW "to come talk about going back to work." (*Id.*) Thereafter, the Plaintiff met with Price and FCA employee Jim Smith to discuss his reinstatement. (*Id.*) During the meeting the Plaintiff asked "what had [he] been terminated for," at which point he was informed it was for battering another employee, although he states that he has proof that no such incident ever occurred. (*Id.*) Price also told the Plaintiff that his attendance contributed to his suspension, but the Plaintiff avers that "[his] doctor wrote a letter stating she covered [his] loss time days for attendance" under the FMLA. (*Id.*) The Plaintiff was asked to sign various papers in order to come back to work, but he refused to sign them, citing the FMLA. (*Id.*) The Plaintiff alleges that Price told him that he would never get his job back unless he signed the papers. (*Id.*) The Plaintiff states that he attempted to write that he was signing "under duress," but that Smith would not allow him to do so. (*Id.*) The Plaintiff now requests damages resulting from his suspension.

## ANALYSIS

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d

---

[2] The parties dispute whether the Plaintiff was suspended or terminated during this period. Resolution of this dispute does not affect the Court's analysis of the parties' arguments.

773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). "Although as a pro se litigant, a plaintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney . . . ., the substantive law applicable to her claims cannot be ignored simply because of her pro se status." *Cintron v. Saint Gobain Abbrassives, Inc.*, No. 1:03-CV-1297, 2004 WL 3142556, at *1 (S.D. Ind. Nov. 18, 2004) (first citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972, then citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)).

**A.      42 U.S.C. § 1983**

To recover on a § 1983 claim, a plaintiff must establish that (1) he was deprived of a right secured by federal law or the Constitution (2) by the defendant acting under color of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). The Plaintiff alleges that both FCA and UAW acted under the color of state law to deprive him of his constitutional rights under the Fifth and Fourteenth Amendments.

However, § 1983 generally applies only to actions taken by state actors, not private entities. *See Rivera v. AuthorHouse*, No. 3:07-CV-268, 2008 WL 131046, at *8 (N.D. Ind. Jan. 10, 2008) (citing *Davis v. Passman*, 442 U.S. 228, 234 (1979)). In the present case, both of the Defendants are private entities. Private entities may qualify as state actors "when [they] make use of state procedures with overt, significant assistance of state officials[.]" *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 486 (1988). That is, a plaintiff must allege that an otherwise private entity "engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). Here, the Plaintiff has failed to allege any facts that plausibly show that either Defendant conspired with state officials to deprive him

3

of his federal rights or even that the Defendants engaged the assistance of state officials at all. Rather, he makes only conclusory statements that the Defendants acted under the color of state law. Therefore, the Plaintiff has failed to state a claim under § 1983.

B. **Title VII Race Discrimination**

The Plaintiff also alleges that the Defendants discriminated against him on account of his race in violation of Title VII. Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of his race. 42 U.S.C. § 2000e–2(a)(1). However, to pursue a Title VII claim, a plaintiff must first file a charge of discrimination with the EEOC and receive a notice of right to sue from the EEOC. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 46 (1974). This requirement is a precondition to bringing suit, not a jurisdictional requirement. *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000). Nowhere in his Complaint does the Plaintiff allege that he followed the proper administrative course of action by filing a discrimination complaint with the EEOC and receiving a notice of right to sue. Therefore, the Court does not have the authority to hear this claim.

C. **LMRA**

The Plaintiff also appears to assert that UAW breached its duty of fair representation and that FCA breached the collective bargaining agreement in violation of § 301 of the LMRA. To defeat the Defendants' Motions to Dismiss, the Plaintiff must plead facts that plausibly set forth both the elements of breach of contract and the breach of the duty of fair representation. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 914 (7th Cir. 2013).

4

The Court first turns to UAW's duty of representation. A breach of the duty of fair representation occurs only when a union's conduct is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991). To determine whether a union's actions are discriminatory or in bad faith, a court must conduct an inquiry into the subjective motivation of the union officials. *Crider v. Spectrulite Consortium*, 130 F.3d 1238, 1243 (7th Cir. 1997). A plaintiff must establish subjective hostility toward him individually or as a member of a disfavored group *and* evidence that the hostility negatively impacted the representation. *Souter v. Int'l Union, UAW*, 993 F.2d 595, 598–99 (7th Cir. 1993).

In this case, the Plaintiff has not adequately alleged that UAW failed to properly represent him. The Plaintiff alleges that he had to sign papers and that he "had to give up everything in the past" in order to return to work. (*See* Compl. 2–3.) The Plaintiff provides no further detail as to the terms contained in the papers to which he objected, nor does he describe what "in the past" he would have to give up. These allegations, standing alone, do not rise to the level of arbitrary conduct that is so far outside a wide range of reasonableness as to be irrational. The Plaintiff also does not plead facts that suggest that UAW acted with a discriminatory or bad faith motive; rather, the Plaintiff conclusorily states that UAW failed to adequately represent him. This is insufficient.

Even if the Plaintiff had adequately alleged that UAW breached its duty of representation, the Plaintiff's LMRA claim is still insufficient. In support of his claim, the Plaintiff needed to properly allege that FCA breached a collective bargaining agreement or contract with UAW. However, the Plaintiff does not cite to any contract, nor does he describe

5

any provision of a contract that FCA supposedly breached. The Plaintiff mentions only that there was an alleged "breach of contract," which by itself is not sufficient. *See, e.g.*, *King v. Uniroyal Plastics Co.*, No. S89-391, 1990 WL 258382, at *1–2 (N.D. Ind. Sept. 18, 1990). Therefore, the Plaintiff has failed to state a claim under the LMRA.

**D.     FMLA**

Other than a reference to the FMLA in conjunction with his "indefinite suspension," it is not clear whether the Plaintiff intends to bring a claim under the FMLA. But, because the Court must construe pro se filings liberally, the Court will assume that he does intend to bring an FMLA claim. To establish an interference claim under the FMLA, the Plaintiff must show that: "(1) [he] was eligible for the FMLA's protections; (2) [his] employer was covered by the FMLA; (3) [he] was entitled to take leave under the FMLA; (4) [he] provided sufficient notice of [his] intent to take leave; and (5) [his] employer denied [him] FMLA benefits to which [he] was entitled." *Goelzer v. Sheboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010) (citing *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006)). In contrast, to establish a retaliation claim, "the plaintiff does not need to prove that retaliation was the *only* reason for [his] termination; [he] may establish an FMLA retaliation claim by showing that the protected conduct was a substantial or motivating factor in the employer's decision." *Id.* at 995 (internal quotations omitted).

As against UAW, the Plaintiff has not pleaded facts to plausibly support an FMLA claim because the FMLA imposes liability only on employers, and UAW was not the Plaintiff's employer at the relevant time. *See Malone v. Securitas Sec. Servs.*, No. 13 C 8747, 2015 WL 5177549, at *3 (N.D. Ill. Sept. 3, 2015) (dismissing FMLA claim against union because "FMLA regulations do not extend to unions unless the union was the plaintiff's employer"); *Scamihorn v. Gen. Truck Drivers*, 282 F.3d 1078, 1081 n.2 (9th Cir. 2002) (noting that the district court

dismissed FMLA claim against union because union was not an employer). As to FCA, the Plaintiff has not presented any facts that plausibly support any of the elements of an FMLA claim. His Complaint suggests only that he had an entitlement to leave and that he deserved backpay, but he alleges no facts in support of either of these assertions. Therefore, the Plaintiff has failed to state a claim under the FMLA.

## CONCLUSION

For these reasons, the Court GRANTS the Defendants' Motions to Dismiss [ECF Nos. 24, 26] but DISMISSES this case WITHOUT PREJUDICE. Because the Court is dismissing this action, the Court DENIES the Plaintiff's Motion for Discovery [ECF No. 32] as MOOT. The Court GRANTS the Plaintiff thirty days from the date of this Order to amend his Complaint to comport with the Federal Rules.

SO ORDERED on March 1, 2018.

                                           s/ Theresa L. Springmann
                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT